NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES *ex rel.* THOMAS A. BERG, TIMOTHY A. BERG, RYNE J. LINEHAN, NAYER M. MAHMOUD, and STANLEY E. SMITH,<br><br>    Plaintiffs-Appellants,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL, INC., and HONEYWELL, INC.,<br><br>    Defendants-Appellees. | No.    17-35083<br><br>D.C. No. 3:07-cv-215-SLG<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Hon. Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 11, 2018
Anchorage, Alaska

Before:  THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Relators appeal from the district court's grant of summary judgment in favor

of Defendant Honeywell International, Inc. ("Honeywell") on their *qui tam* action

under the False Claims Act ("FCA").  We have jurisdiction under 28 U.S.C. §

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1291.  We review the district court's grant of summary judgment de novo, *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 329 (9th Cir. 2017), and we affirm.[1]

On this appeal, Relators allege FCA claims based on two categories of alleged false statements: (1) false promises of savings Honeywell calculated upon the "Electrical Baseline Adjustment," and (2) false statements of savings calculated upon the low "infiltration rates" assumed in Honeywell's calculations.  "[T]he essential elements of [FCA] liability" are: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due."  *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006).  The district court held that Relators failed to raise triable issues as to the necessary "false statement" and scienter elements.  "To survive summary judgment, the relator must establish evidence on which a reasonable jury could find for the plaintiff."  *Kelly*, 846 F.3d at 330.

1.  The district court did not err in granting summary judgment in favor of Honeywell on Relators' Electrical Baseline Adjustment claim.  First, Relators failed to raise a triable issue as to the "false statement" element.  As the district

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

2                                                                    17-35083

court held, "[b]ecause Honeywell disclosed the assumptions and math underlying its estimates, its statements in that regard were not 'false' within the meaning of the False Claims Act." At the time Honeywell prepared its proposals, it understood that the government was independently planning to address its electricity needs with a separate "privatization" plan, and, for accounting purposes, the increased electricity costs were to be allocated to *that* project, not to the Honeywell Energy Savings Performance Contract ("ESPC"). Unrebutted evidence establishes that Honeywell therefore never purported to account for Ft. Richardson's increased electricity costs in its savings estimates (because they were factored into the baseline) and that Honeywell provided and explained its inputs, assumptions, and calculations. The scope of Honeywell's statements and the qualifications upon them were sufficiently clear, so that the statements—so qualified—were not objectively false or fraudulent.[2] *See U.S. ex rel. Butler v. Hughes Helicopters, Inc.*, 71 F.3d 321, 328 (9th Cir. 1995) (holding statements were "not false" where they "actually disclose[d] what [the relator] claim[ed] they conceal[ed]").

Relators present no evidence to the contrary, but instead argue that

---

[2] Because we conclude that Honeywell's statements of the energy baseline and the expected savings were not objectively false, we do not decide whether "government knowledge" can serve to "negate" the element of falsity in addition to the element of scienter, as that question is formulated in Relators' Opening Brief.

Honeywell's statements of energy savings were objectively false because the Electrical Baseline Adjustment was improper under the statutory and regulatory framework that governs ESPCs. But "the statutory phrase 'known to be false' does not mean incorrect as a matter of proper accounting methods, it means a lie." *Hagood v. Sonoma Cty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996). Nor is the FCA "a vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2003 (2016). That the Army should have rejected Honeywell's proposals under the ESPC statutes and regulations does not mean that Honeywell's detailed calculations were false.

Second, unrebutted evidence establishes that Honeywell disclosed the "Electrical Baseline Adjustment" and the components of its calculations to the Army. Defendants failed to present any evidence to rebut the inference, based on this "highly relevant" evidence of government knowledge, that Honeywell did not *knowingly* make a false claim. *United States ex rel. Hagood v. Sonoma Cty. Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991). Relators rely on the deposition testimony of Honeywell's project manager, Suzanne Wunsch. But the district court correctly found that "no reasonable jury could conclude that [Ms. Wunsch's] statements reflect an admission that Honeywell knew that its baseline, its projected

17-35083

cost, or its 'savings guarantee' were 'false' within the meaning of the FCA."[3]

Thus, Relators failed to raise a triable issue as to scienter.

Finally, "[a] misrepresentation . . . must be material to the Government's payment decision in order to be actionable under the False Claims Act."[4] *Escobar*, 136 S. Ct. at 1996. "[T]he Government's decision to expressly identify a provision as a condition of payment is relevant, but not automatically dispositive." *Id.* at 2003; *see also Kelly*, 846 F.3d at 334. Indeed, "if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Escobar*, 136 S. Ct. at 2003. Here, the Army began paying Honeywell's claims in 2003, and continued up to at least 2008, despite being aware of Relators' fraud allegations since 2002, the results of its own audit since 2003, and the problems with the infiltration rates since 2004. Accordingly, Relators also failed to raise a

---

[3] Relators argue that the district court erred by failing to "seriously question[] whether Wunch's [sic] 'assumptions' regarding privatization were valid, reasonable or ever confirmed by anyone within the government with actual decision-making authority." But this argument "raises questions of contract interpretation rather than false claims." *Butler*, 71 F.3d at 326 ("To the extent that [Butler] alleges that . . . those making modifications had no authority to do so, Butler's is a contract dispute.").

[4] The district court did not consider this issue below, but the parties briefed it and this court may affirm on any basis supported in the record. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

17-35083

triable issue as to the element of materiality on the "demanding" standard established in *Escobar* and *Kelly*.[5]

2. Nor did the district court err in granting summary judgment in favor of Honeywell on Relators' claim based on the infiltration rates. Where, as here, "the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). There is no evidence here that Honeywell knew its infiltration rates were impossible to achieve at Ft. Richardson. Thus, Relators failed to raise a triable issue as to the required element of scienter.

Relators point to a 2006 statement by Steven Craig, a Honeywell executive, but Mr. Craig's statements show only that Honeywell understood that its infiltration projections depended upon someone (whether the government or Honeywell) undertaking to improve the base's heating system controls and reduce open windows and doors. Relators also submitted the declaration of an expert witness who opined in 2016 that Honeywell made a "conscious and deliberate decision" to use "an extremely low . . . airflow leakage rate." But Honeywell does

---

[5] Relators attempt to distinguish *Escobar* on the basis that the noncompliance here was not "minor or insubstantial." But *Escobar*'s rule applies to substantial noncompliance (which is not sufficient to establish materiality) "*in addition*" to "insubstantial" noncompliance. *See Escobar*, 136 S. Ct. at 2003 (emphasis added).

not dispute that it chose infiltration rates "deliberate[ly]"; the issue is whether Honeywell knew they were impossible to achieve. The expert witness's opinion does not provide more than a scintilla of circumstantial evidence[6] as to that crucial issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); *U.S. ex rel. Anderson v. N. Telecom, Inc.*, 52 F.3d 810, 816–17 (9th Cir. 1995), as amended (May 26, 1995) (finding "no evidence from which a jury could reasonably draw an inference" in an FCA action that the defendant "knowingly presented a false or fraudulent claim" where there was "no direct evidence" and the submitted declaration was ambiguous on that issue).

Furthermore, the government's knowledge also negates scienter as to the infiltration rates.[7] Unrebutted record evidence establishes that Ft. Richardson, the Army, and Honeywell all knew of and agreed to the "aggressive" (*i.e.*, optimistic) rates, and Army officials approved the input variables submitted by Honeywell.

---

[6] The declarant had no personal or contemporaneous knowledge of Honeywell's state of mind in 2000 because the Army hired the declarant's company to audit the Honeywell project in 2006.

[7] Honeywell raised this argument below, but the district court declined to reach it. However, this court may affirm on any basis supported in the record. *In re Oracle Corp.*, 627 F.3d at 387.

Relators failed to rebut this "highly relevant" evidence of government knowledge. *Hagood*, 929 F.2d at 1421.

Finally, for the reasons discussed above, Relators also failed to raise a triable issue as to the element of materiality on the "demanding" standard established in *Escobar*, 136 S. Ct. at 2003, and *Kelly*, 846 F.3d at 334.

**AFFIRMED.**